# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No.99-30873
(Summary Calendar)

RICHMOND CAPITAL CORPORATION,

Plaintiff-Appellee,

versus

FEDERAL EXPRESS

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-7590-B)

March 9, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges

PER CURIAM:[*]

Appellant Federal Express ("FedEx") challenges the district court's grant of summary judgment in favor of Richmond Capital Corporation ("Richmond"). For the following reasons we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

FedEx is a certified all-cargo air carrier. In October 1996, FedEx entered into a contract with Richmond to deliver computer equipment from Louisiana to New York. Richmond selected the "collect on delivery" ("C.O.D") option and also the "secured" method of payment, which designated cashier's checks and money orders as the only acceptable methods of payment for

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

FedEx to collect from the receiving party on delivery. The contract also provided that Richmond bore the risk of fraud or forgery on the instrument collected for payment.

FedEx does not dispute that when it delivered the goods it accepted an instrument labeled "official check." When Richmond attempted to negotiate this instrument, it was found to be a forgery. Richmond filed suit in state court for breach of contract alleging that FedEx breached the contract by collecting an "official check" instead of a cashier's check or money order, and seeking damages in the amount of the payment it was to receive C.O.D. of $56,500. The "official check" collected by FedEx was a "teller's check" not a cashier's check. FedEx had this action removed to federal court, and the district court denied Richmond's motion to remand. FedEx moved for summary judgment and after the district court determined that summary judgment would be appropriate for either party because there were no factual issues in dispute, the court entered summary judgment in Richmond's favor.

DISCUSSION

FedEx appeals the district court's grant of summary judgment to Richmond. FedEx argues that it did not breach its contract with Richmond because it collected a facially valid instrument, and that in actual practice a cashier's check is often labeled an official check. FedEx also argues that its failure to collect the proper instrument was not the proximate cause of Richmond's loss, because the loss was a direct result of Richmond's customer forging the instrument. Finally, FedEx contends that the district court failed to enforce the contract provision which shifted the risk of loss from fraud of forgery to Richmond.

We review a district court's grant of summary judgment de novo, applying the same standard as used by the district court. Porterfield v. Ethicon, Inc., 183 F.3d 464 (5th Cir. 1999). Summary judgment is appropriate when the pleadings, depositions, affidavits and other evidence show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P 56 (c); Celotex Corp. v. Cartrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986).

2

The liability of air carriers transporting goods in interstate commerce is governed by federal common law. See Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 928 (5th Cir. 1997). In breach of contract disputes between an airline and shipper, the court should enforce the terms of the agreement based on the parties' bargain. See American Airlines v. Wolens, 513 U.S. 213, 233, 115 S.Ct. 817, 826, 130 L.Ed. 2d 715 (1995). The present dispute arises from the agreement entered into by the parties as outlined in the FedEx Service Guide. The terms of the service guide are unambiguous. The Service Guide states that FedEx offers C.O.D. service "consisting of carriage of goods to the recipient, collection of payment instrument...and delivery of the payment instrument to the shipper of goods." The Service Guide further provides that "if the shipper so specifies on the C.O.D. Airbill, payment by either cashier's check or money order *only* will be accepted." (emphasis added). It is undisputed that Richmond elected under to have C.O.D. delivery with payment only by cashier's check or money order.

Therefore, by accepting an "official check" that was neither a cashier's check or money order FedEx failed to fulfill this provision of the contract. Although the contract is unambiguous as to its terms in full consideration of FedEx's claims, we will address the remainder of their arguments. First, FedEx argues that it did not fail to comply with the secured payment contract provision, because it acted reasonably in accepting the "official check." FedEx maintains that the terms "official check" and "cashier's check" are used interchangeably. However, under the common-law rule of contra non proferentum, courts construe ambiguous language against the interest of the party that drafted it. See Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 56, 115 S.Ct. 1212, 1219, 131 L.Ed. 2d 76 (1995); Restatement (Second) of Contracts § 206. The reason for this rule is to protect the party who did not choose the language from an unintended or unfair result. Mastobuono, 514 U.S. at 56. The contract clearly states that cashier's checks or money orders are the only acceptable form of payment. The instrument accepted by FedEx was a teller's check, and therefore not an acceptable form of payment under the contract. Richmond was entitled to rely on the contract's definition of the acceptable forms of

3

payment as drafted by FedEx. Any loss due to an ambiguity between "official checks" and "cashier's checks" must be borne by FedEx as drafter of the contract.

Nonetheless, FedEx points to the testimony by its expert witness that it would be difficult for someone who is not a banking expert to tell the difference between a cashier's check and any other official check. FedEx also presented the deposition testimony of two employees showing that the employees did not know the difference between an official check and a cashier's checks. This argument cannot shift the responsibility for the loss to Richmond. FedEx agreed in the contract to only accept cashier's checks or money orders, if they were not able to provide their employees with the training to fulfill this contract provision, this service should not have been offered to the shipper as an option. FedEx's expert also testified that there is no commercial difference between the teller's check which they actually accepted, and the cashier's check they contracted to accept. While there may not be any commercial difference, and assuming arguendo that it is difficult to distinguish between the two types of instruments, the contract clearly stated that cashier's checks and money orders would be the only acceptable form of payment. As the drafter of the contract FedEx was free to include other official checks as acceptable forms of payment, but it did not.

FedEx further argues that it should not be held liable for Richmond's loss because the fraudulent acts of Richmond's customer relieve FedEx of liability. Specifically, FedEx contends that the contract between the parties places the risk of loss due to fraud or forgery on the shipper. The Service Guide provides that "Checks (including cashier's, certified, business, and personal checks) and money orders for the C.O.D. amount will be collected at the shipper's sole risk, including, but not limited to, all risk of nonpayment, fraud and forgery, and we will not be liable upon any such instrument." FedEx argues that this risk-shifting provision was enforced by the Fourth Circuit in McCall Thomas Engineering v. Federal Express Corporation, 81 F.3d 28 (4th Cir. 1996). In McCall Thomas, FedEx entered into a contract with McCall Thomas for C.O.D. delivery with secured payment of a cashier's check or money order as the acceptable form of

payment.  Id. at 29.  FedEx collected a cashier's check from the receiving party, but when McCall Thomas attempted to negotiate the draft it was found to be a forgery.  Id. at 30.  McCall Thomas sought reimbursement from FedEx.  The Fourth Circuit found that McCall Thomas had assumed the risk of fraud.  Id. at 31.  The court further found that FedEx's only duty under the contract was to collect a facially valid cashier's check.  Id.

Therefore, the present case is clearly distinguishable form McCall Thomas.  In this case FedEx failed in its duty to collect a facially valid cashier's check.  The check it accepted as payment was not a cashier's check.  Despite the fact that FedEx has put forth some persuasive reasons for its failure to perform its duty under the contract, there is still no question that FedEx did not comply with the terms of the contract.  Richmond assumed the risk of fraud or forgery on the acceptable forms of payment, a cashier's check or money order.  Richmond did not receive either of these acceptable forms of payment, therefore FedEx cannot shift the risk of loss to Richmond under the contract.  Thus, we find that FedEx breached the contract.  The district court's grant of summary judgment in favor of Richmond is AFFIRMED.